UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NICKOLUS G. TOEPFER                                             PLAINTIFF

V.                         No. 3:20-CV-150-LPR-JTR

PHIL REYNOLDS, Sheriff, Woodruff County;
and JIM DUNHAM, Chief Deputy                                    DEFENDANTS

## ORDER

Two matters are pending in this § 1983 claim action.

### I.   Plaintiff's Motion to Amend Complaint

Plaintiff Nickolus G. Toepfer ("Toepfer") seeks permission to file a second Amended Complaint. *Doc. 15*. Liberally construing Toepfer's proposed Amended Complaint, he seeks to: (1) add the Woodruff County Sherriff's Department as a defendant; (2) bring a *respondeat superior* claim against Defendant Sheriff Phil Reynolds; and (3) add the claim that Defendant Chief Deputy Jim Dunham refused to provide him a pork exclusion diet. *Doc. 15-1*. Defendants have not objected, or otherwise responded to the motion.

The federal rules state that the Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may appropriately be denied where there are "compelling reasons" such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Construction II, Inc. v. Doe*, 660 F.3d 346,

358–59 (8th Cir. 2011); *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003).

It is well settled that a sheriff's department is not a legal entity amenable to suit in a § 1983 action. *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (unpublished); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Thus, it would be futile to allow Toepfer to amend his Complaint to add the Woodruff County Sherriff's Department as a defendant.

For his *respondeat superior* claim against Defendant Sheriff Phil Reynolds, Toepfer alleges that Sherriff Reynolds should be held liable because it is "policies," "pattern," and "practice" of the Woodruff County Jail to refuse constitutional rights. *Doc. No. 15-1 at 1*. The Court previously considered, and rejected, this claim, noting "[n]othing in Toepfer's pleading suggests that Reynolds and Dunham were acting in accordance with policies, customs, or practices of Woodruff County." *Doc. 12* (Partial Recommended Disposition); *Doc. 21* (Order adopting Partial Recommended Disposition). Likewise, there is nothing in Toepfer's proposed Amended Complaint which suggests any reason for the Court to revisit that issue, *at this time*.

As noted by Judge Rudofsky, the presiding judge in this matter, "[i]f, *through discovery*, Mr. Toepfer uncovers a policy, custom, or practice that caused the alleged violation of his rights, Federal Rule of Civil Procedure 15 would very likely allow

2

an amendment at that time." *Doc. 21, n.2* (emphasis added). Discovery is currently stayed until the resolution of any dispositive motion regarding Plaintiff's failure to exhaust administrative remedies. *Doc. 27*. Toepfer's claim regarding an alleged policy, custom, or practice is, therefore, premature.

Because Toepfer is currently proceeding with First Amendment free exercise claims against Defendants Reynolds and Dunham, he may amend his Complaint to allege Defendant Dunham refused to provide him a pork exclusion diet.

## II. Plaintiff's Second Motion to Appoint Counsel

Also pending is Toepfer's second Motion to Appoint Counsel. *Doc. 29*. Toepfer claims he is experiencing "memory loss" and "other mental health issues" due to a gunshot injury to his head. *Id.* In support of his motion, Toepfer cites to a pending § 1983 excessive force case in which he is represented by non-appointed counsel, *Toepfer v. Harter et al.*, 3:20-CV-733-RLM-MGG (N.D. Ind. Aug. 28, 2020). In a contemporaneously filed notice titled "Answer for Request of Production," Mr. Toepfer states that he is "experiencing mental difficulties" and that he "went over the documents" but is "at a complete loss of direction." *Doc. 28*.

It appears that Toepfer is requesting appointed counsel primarily to assist him in responding to Defendants' discovery requests. However, discovery is currently stayed, and he is not required to respond at this time. If Toepfer's claims survive

dispositive motions on the issue of exhaustion, the stay will be lifted and Toepfer may resubmit his request for appointed counsel at that time.

IT IS THEREFORE ORDERED THAT:

1.  Toepfer's Motion to Amend (*Doc. 15*) is GRANTED in part, and DENIED in part. His request to add the Woodruff County Sherriff's Department is denied, as futile; his request to bring "*respondeat superior*" claims is denied, without prejudice; and his request to add allegations that Jim Dunham refused to provide him a pork exclusion diet is granted.

2.  The Clerk is directed to docket Toepfer's proposed Amended Complaint (*Doc. 15-1*) as his Second Amended Complaint.

3.  Defendants must file an answer to the Second Amended Complaint within fourteen days of this Order. Fed. R. Civ. P. 15(a)(3); Fed. R. Civ. P. 5(b)(2)(E).

4.  Toepfer's Second Motion to Appoint Counsel (*Doc. 29*) is DENIED, without prejudice.

SO ORDERED, this 15th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE