UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NICKOLUS G. TOEPFER                                                    PLAINTIFF

V.                            No. 3:20-CV-150-LPR-JTR

PHIL REYNOLDS, Sheriff, Woodruff County;
and JIM DUNHAM, Chief Deputy                                          DEFENDANTS

### ORDER

In this § 1983 action, Plaintiff Nickolus G. Toepfer ("Toepfer") alleges that his constitutional rights were violated when he was denied a pork exclusion diet, a Quran, and prayer rug as a pretrial detainee in the Woodruff County Detention Center. There are several motions pending before the Court.

### I.   Plaintiff's Third and Fourth Motions to Appoint Counsel

Toepfer initiated this § 1983 action, without the benefit of counsel, on May 29, 2020. Almost a year later, on April 6, 2021, Toepfer filed a "Motion Requesting Counsel." *Doc. 19*. The Motion simply stated that Toepfer was "indigent" and "approved for [in] *forma pauperis*" and did not elaborate as to *why* Toepfer believed he needed appointed counsel. *Id.* The Court carefully weighed the *Phillips* factors[1]

---

[1] In *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006), the Eighth Circuit delineated five factors for courts to consider when determining whether counsel should be appointed: "[(1)] the factual complexity of the issues, [(2)] the ability of the indigent person to investigate the facts, [(3)] the existence of conflicting testimony, [(4)] the ability of the indigent person to present the claims, and [(5)] the complexity of the legal arguments."

and found that Toepfer's claims were not legally or factually complex, and he appeared capable of presenting his claims without counsel. *Doc. 20*. Accordingly, Toepfer's first motion for appointed counsel was denied. *Id.*

On June 4, 2021, the Court stayed discovery in this matter until the issue of exhaustion of administrative remedies could be resolved. *Doc. 27*. On June 7, 2021, Toepfer filed his second Motion to Appoint Counsel, claiming that he was experiencing "memory loss" and "other mental health issues" due to a gunshot injury to his head. *Doc. 29*. The Court determined that Toepfer was primarily seeking assistance in responding to Defendants' discovery requests. Because discovery was stayed, the Court denied Toefpher's second Motion to Appoint Counsel *without prejudice.*

On July 29, 2021, the stay on discovery was lifted and a discovery deadline was set for December 27, 2021. *Doc. 39*. On November 16, 2021, with little over one month left in the discovery period, Toepfer submitted his third Motion to Appoint Counsel. *Doc. 41*. He claimed that he had "brain damage" and was suffering from "memory issues." That Motion remains pending.

On February 7, 2022, Toepfer submitted his fourth Motion to Appoint Counsel. *Doc. 48*. He again claims that he was "shot in the head," "has a brain injury," and "is injured mentally." *Id.* In deciding Toepfer's third and fourth Motions

2

to Appoint Counsel, the Court will reweigh the *Phillips* factors based on the progression of the litigation and the new information provided by Toepfer.

The factually and legal complexity of Toepfer's claims remain unchanged. Toepfer was incarcerated in the Woodruff County Detention Center for approximately two weeks from late April to early May 2020. Toepfer claims that, during those two weeks, he was not provided with the items and food he needed to practice his Muslim faith and participate in Ramadan. This is not a legally or factually complex case.

Further, despite Toepfer's alleged memory loss, he appears particularly adept at both presenting his claims and investigating the facts. Since being "shot in the head" in July 2020, Toepfer has:

(a) Objected to this Court's recommendation that some of his claims be dismissed (*Doc. 12; Doc. 13*);

(b) Moved to amend his Complaint on multiple occasions to bring additional claims or provide additional facts (*Doc. 7; Doc. 15; Doc. 49*);

(c) Propounded multiple discovery requests, including Requests for Production of Documents (*Doc. 14; Doc. 42*) and Requests for Admissions (*Doc. 16; Doc. 17; Doc. 18*);

(d) Responded to Defendants' Interrogatories (*Doc. 40*);

(e) Identified at least four people who have knowledge of facts relevant to this case (*Doc. 40 at 1*) and submitted unsworn statements from three of those people (*Doc. 43 at 2–4*); and

(f) Provided written narratives of facts he alleges took place in the Woodruff County Detention Center (*Doc. 43 at 1; Doc. 45*).[2]

In an attempt to discovery the extent of Toepfer's memory loss, the Court also carefully reviewed the § 1983 actions Toepfer has filed in Indiana related to his July 2020 "head injury."

On July 31, 2020, Toepfer filed a "Civil Rights Complaint Form" with the United States District Court in the Southern District of Indiana. *Toepfer v. Kosciusko Co. Jail Staff*, No. 1:20-CV-2013-SEB-TAB (S.D. Ind. July 31, 2020). He alleged that, following a lockdown in the Kosciusko County Jail, officers entered the "day room" and shot him and other inmates "with shotguns and rubber pellets." *Id.* He was transported to the hospital for neck and shoulder injuries and prescribed "Ibuprofen 800 mg tablets." *Id.*

After apparently discovering, on his own, that he filed his Complaint in the wrong district, he refiled in the Northern District of Indiana. *Toepfer v. Harter et al.*, 3:20-CV-733-RLM-MGG (N.D. Ind. Aug. 28, 2020). He has since procured two attorneys in that case, who do not appear to have been appointed by the court.

To the extent Toepfer contends he needs legal counsel due to "memory loss," any such memory loss does not appear to have any effect on Toepfer's ability to investigate or present his § 1983 claims—in this case or others.

---

[2] It is unclear whether these narratives, which are labeled "Journal Entries," were written before or after Toepfer's head injury.

The final remaining *Phillips* factor—"the existence of conflicting testimony"—also does not dictate toward appointing counsel for Toepfer. The only testimony before the Court is Reynolds and Dunham's affidavits and Toepfer's deposition, which were filed in support of Defendants' pending Motion for Summary Judgment. Nothing in that testimony is so "conflicting," as to give to give the Court reason to override all other *Phillips* factors and appoint counsel for Toepfer. Further, as noted by the Court in a previous order, Toepfer will also be able to present affidavits in support of his Summary Judgment Response. *See Doc. 53*.

Toepfer has no constitutional or statutory right to appointed counsel in this § 1983 action, *Phillips*, 437 F.3d at 794, and the pertinent factors do not support the appointment of counsel. Accordingly, Toepfer's third and fourth Motions to Appoint Counsel (*Doc. 41; Doc. 48*) are DENIED.

## II. Plaintiff's Motion to Compel

In the same document containing his fourth Motion to Appoint Counsel, Toepfer also asked the Court to order Defendants to produce "documents (video surveillance, phone calls, tablet messages, time stamps of movement of individuals to and from the jail) dated from 4-20-20 through 5-5-2020." *Doc. 48*. Defendants objected because the discovery deadline had already passed. *Doc. 54*.

As previously noted, Toepfer was given ample opportunity to engage in discovery and he already took advantage of that opportunity. In a "Motion for

Production," Toepfer requested "all related documents, audio, and video related [to] the incident." *Doc. 42*. In response, Defendants produced the "Woodruff County Detention Center inmate file for George Nickolas Toepfer" and stated that they were "unaware of any audio and video recording relating to Plaintiff's allegations." *Doc. 44-1 at 2*.

Because Defendants have already responded to Toepfer's discovery requests, and the deadline for additional discovery has passed, Toepfer's embedded Motion to Compel is DENIED.

### III. Plaintiff's Second Motion for Leave to Amend Complaint

Also after the discovery deadline had passed, Toepfer filed his second Motion for Leave to Amend Complaint. *Doc. 49*. In his proposed Amended Complaint, Toepfer alleges that Defendant Phil Reynolds threatened him and made him feel as if his "life was in jeopardy." *Id. at 3*. He also names two Defendants who have already been dismissed—the Woodruff County Sheriff's Department and Marshall Dawson—without alleging any new or additional misconduct by those defendants.

Not only are these claims futile,[3] but they are also prejudicial to the Defendants. Toepfer gives no justifiable reasons for waiting more than twenty months before bringing his "intimidation" claim against Reynolds. Toepfer has

---

[3] Mere verbal threats do not generally rise to the level of a constitutional violation. *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015)

6

already been deposed, the discovery period is closed, and Defendants have filed a summary judgment motion on the merits. Accordingly, Toepfer's Second Motion to Amend Complaint (*Doc. 49*) is DENIED. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (holding that a district court may appropriately deny permission for leave to amend when there is "undue delay" or "prejudice to the nonmoving party").

## IV. Plaintiff's Request for Extension of Time

Toepfer has requested additional time to respond to Defendants' Motion for Summary Judgment. That Motion (*Doc. 55*) is GRANTED. Toepfer's time to file a Response to Defendants' Motion for Summary Judgment and a separate Statement of Disputed Facts is extended to, and including, April 1, 2022.

IT IS THEREFORE ORDERED THAT:

1. Toepfer's third and fourth Motions to Appoint Counsel (*Doc. 41; Doc. 48*) are DENIED.

2. Toepfer's embedded Motion to Compel (*see Doc. 48*) is DENIED.

3. Toepfer's Second Motion for Leave to Amend Complaint (*Doc. 49*) is DENIED.

4. Toepfer's Motion for Extension of Time (*Doc. 55*) is GRANTED.

SO ORDERED, this 4th day of March, 2022.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE