# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

NICKOLUS G. TOEPFER                                                                                PLAINTIFF

V.                                    No. 3:20-CV-150-LPR-JTR

PHIL REYNOLDS, Sheriff, Woodruff County;
and JIM DUNHAM, Chief Deputy                                                                  DEFENDANTS

## ORDER

On March 4, 2022, the Court denied Plaintiff Nickolus Toepfer's third and fourth Motions to Appoint Counsel. *Doc. 56*. In doing so, the Court carefully considered Toepfer's allegations of "memory loss" and "brain damage," and analyzed his request for counsel under the relevant factors.[1]

On March 25, 2022, Toepfer filed a "Motion to Remedy Counsel" (*Doc. 57*) along with Responses to Defendants' Motion for Summary Judgment (*Doc. 59*) and Statement of Indisputable Material Fact (*Doc. 58*).

In the Motion to Remedy Counsel, which the Court construes as a fifth Motion to Appoint Counsel, Toepfer again alleges that he suffers from memory loss and "several other mental deficit issues." *Doc. 57 at 2*. He also states that he has not had access to the law library for the past month. *Doc. 57 at 3*.

---

[1] See *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th. Cir. 2006).

Toepfer has provided no reason or basis for the Court to reconsider its prior ruling regarding appointment of counsel. Accordingly, Plaintiff's fifth Motion to Appoint Counsel (*Doc. 57*) is DENIED.

However, given Toepfer's lack of access to the law library, he will have until **April 29, 2022** to submit a Supplemental Response to Defendants' Motion for Summary Judgment. Toepfer is again reminded that, at the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that his Supplemental Response should include legal arguments, as well as affidavits,[2] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

SO ORDERED, this 28th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.