IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**NICKOLUS G. TOEPFER**                                                                              **PLAINTIFF**

v.                              Case No.: 3:20-CV-150-LPR-JTR

**PHIL REYNOLDS, Sheriff, Woodruff County;**
**and JIM DUNHAM, Chief Deputy**                                                    **DEFENDANTS**

## ORDER

I have received a Partial Recommended Disposition (PRD) in this case from Magistrate Judge J. Thomas Ray.[1]  There have been no objections and the time to do so has expired.  I have performed a careful and *de novo* review of the PRD as well as the entire record.  I adopt the PRD to the following extent.  With respect to the claims for which Judge Ray recommends granting summary judgment, I agree both as to the substantive result and the principal analysis used.[2]  In short, Sheriff Reynolds is entitled to summary judgment in his favor on all the individual-capacity claims brought against him, while Mr. Dunham is entitled to summary judgment in his favor on the individual-capacity claim involving the Quran and prayer rug.[3]

With respect to the remaining claims, I travel a slightly different road to end up at the same general destination as Judge Ray does.  I agree that, under the governing precedents, Mr. Toepfer should have been appointed counsel fairly early in this case.[4]  I further agree that not appointing counsel has had a significant, negative, and unfair impact on Mr. Toepfer's ability to oppose

---

[1] Doc. 63.

[2] I have a very minor, technical disagreement with Judge Ray concerning the proper disposition of the claims at issue.  Instead of dismissing the claims with prejudice, I believe that (at the appropriate time) judgment should be entered on the claims in favor of the relevant defendants.

[3] *Id.* at 14–16, 28–30.  Because I agree with Judge Ray's analysis regarding Mr. Dunham's "second argument" on the Quran-and-prayer-rug claim, I need not and do not address Judge Ray's analysis of Mr. Dunham's "first argument" on the same claim.

[4] *Id.* at 13 n.16, 33–35.

summary judgment on the remaining (and serious) claims.[5] This is reason enough for Judge Ray to re-open the discovery period, reset the dispositive motions deadline, and appoint counsel for Mr. Toepfer. Accordingly, and as an exercise of my inherent authority to manage the docket, I am administratively staying the remainder of the pending summary judgment motion.

The stay will be in effect until the new discovery period ends, revised summary judgment papers are filed before Judge Ray if either party desires to do so, and a new Recommended Disposition is provided to me.[6] Of course, after the new discovery period ends, both parties may agree that genuine disputes of material fact preclude summary judgment on the remaining claims. If that occurs, the parties should jointly inform Judge Ray of this development, and Judge Ray can then use his authority to lift the stay and find the remaining portions of the current summary judgment motion to be moot.

IT IS THEREFORE ORDERED THAT:

1. Summary judgment is granted in favor of Sheriff Reynolds on all the individual-capacity claims brought against him.

2. Summary judgment is granted in favor of Mr. Dunham on the individual-capacity claim involving the Quran and prayer rug.

3. The remainder of the pending summary judgment motion is administratively stayed until the new discovery period ends, revised summary judgment papers are filed before Judge Ray (if either party desires to do so), and a new Recommended Disposition is provided to me.

---

[5] *Id.*

[6] Because I am administratively staying the remainder of the pending summary judgment motion, I need not and do not address (at this time) Judge Ray's substantive analysis of the pork-exclusion-diet claim or the Ramadan-meal-time-accommodation claim.

IT IS SO ORDERED this 7th day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE